**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Francisco Javier OROZCO–BORBOA,**
**Defendant—Appellant.**

No. 03–10331.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 12, 2004.*

Decided Jan. 21, 2004.

Reese V. Bostwick, USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

**348**

J. Paul Breshears, Esq., FPDAZ–Federal Public Defender's Office, Tucson, AZ, for Defendant–Appellant.

Before: BEEZER, HALL and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Francisco Javier Orozco–Borboa appeals from his concurrent sentences of 135 months incarceration, on each of two counts, following his guilty plea to conspiring to possess more than five kilograms of cocaine with intent to distribute, and possessing cocaine with intent to aid and abet in its distribution. We have jurisdiction pursuant to 28 U.S.C. § 1291. Orozco objects to the district judge's failure to grant him a mitigating role downward adjustment under U.S.S.G. § 3B1.2 or an aberrant-behavior downward departure under U.S.S.G. § 5K2.20. We affirm the sentence.

■ U.S.S.G. § 3B1.2 allows for a decrease of between four and two levels when a defendant "was a minimal participant in any criminal activity," or "was a minor participant in any criminal activity." Orozco contends that he is entitled to a mitigating role downward departure because his participation in an extensive drug tunnel conspiracy was limited to renting a "stash" house.

The district judge explained that she declined to grant a minor or minimal role reduction because of the "extremely large quantity of cocaine" (200 kilograms) that the organization entrusted to Orozco, because Orozco accepted the role of actually finding and renting the stash house and received $1,500 from another person to rent the house, and because Orozco's role was greater than that of Allen, who Orozco invited to reside in the stash house. We conclude that the district court properly denied the minor or minimal role reduction. *See United States v. Ladum*, 141 F.3d 1328, 1348 (9th Cir.1998).

■ U.S.S.G. § 5K2.20 allows for a sentence below the applicable guideline range "in an extraordinary case if the defendant's criminal conduct constituted aberrant behavior." We review de novo a district court's conclusion that it lacks authority to depart downward, but we lack jurisdiction to review a discretionary refusal to depart downward. *United States v. Rojas–Millan*, 234 F.3d 464 (9th Cir. 2000).

Orozco argues that the district judge in referring to the large quantity of drugs involved and to Orozco's admitted use of marijuana did not exercise her discretion, but really determined that Orozco was not qualified for a downward departure.

As Orozco was convicted of a serious drug trafficking offense, it is not clear that he is eligible for an aberrant behavior downward departure. *See* U.S.S.G. § 5K2.20(c)(3). Even assuming that Orozco was eligible, we note that the district court repeatedly stated that, based on the totality of the circumstances, it was declining to exercise its discretion to grant a departure for aberrant behavior, and accordingly, we lack jurisdiction to review the district court's discretionary denial of the downward departure. *See Rojas–Millan, supra.*

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.